Good morning. Good morning, Your Honors. May it please the Court, my name is Carlos Cruz and I represent the petitioner, Mr. Hector Jimenez. Your Honor, I'd like to reserve two minutes for rebuttal before I begin. Your Honors, the Board of Immigration Appeals in this case abused its discretion in denying petitioner's motion to reopen based on the following three reasons. First, the Board failed to address completely in its decision petitioner's argument that his hardship should be considered to the extent that his son would be affected by the hardship that he himself would suffer. Second, the Board abused its discretion by completely mischaracterizing petitioner's argument in his motion to reopen. And lastly, the Board failed to consider vital pieces of evidence that became new and material when the petitioner's son was born. In addition, petitioner submits that his right to due process was violated, resulting in substantial prejudice because the Board failed to provide petitioner with the full and fair opportunity to present his case. First, addressing the issue of abuse of discretion. This Court has held that abuse of discretion occurs when the Board fails to show proper consideration of all factors in favor of petitioner's case. This Court has also held that the Board abuses discretion when it merely engages in cursory recitation and generalized analysis of all the equities in favor of a petitioner's motion to reopen. The argument before the Board in this case was very simple. The argument as set forth in Matter of Monreal was that the Board should consider the hardship to the petitioner to the extent that such hardship would affect his United States citizen son. When we read the Board's decision, the Court should note that there is absolutely no reference to the one and only argument presented by petitioner in his motion to reopen. Petitioner did not argue, as set forth by the Board, that the birth of his U.S. citizen son gave him now a certain likelihood of success on remand to the immigration judge. In fact, petitioner's motion to reopen clearly asserts that the birth of a U.S. citizen child is insufficient to succeed on a claim for cancellation of removal under INA Section 240AB. That argument was never raised by petitioner, and yet that is the way the Board characterizes petitioner's motion to reopen in its decision. Such mischaracterization of his motion to reopen, we submit to the Court, resulted in a clear abuse of discretion. And lastly, the Board failed to consider vital pieces of evidence. In failing to consider the hardship to petitioner, the evidence that already existed in the record regarding this petitioner was completely ignored. And that evidence can be related to seven points which are found in the record. First is that this particular petitioner entered the United States when he was only 6 years old in 1987. Second, his length of physical presence in the U.S., now extending to a period of about 20 years, was completely ignored. His age today of 25 was also ignored. The fact that he has received his entire education in the United States and how that education in the U.S. and lack of education in Mexico would affect the petitioner's son was also completely ignored. The fact that this petitioner has no family ties in Mexico, and therefore his son would also lack family ties. All right. When you're saying it was ignored, did the I.J. know that? The I.J. did know this, Your Honor, and I can certainly cite to the record. Well, my point on that is I knew that the I.J. knew that. But what I'm saying is if the I.J. saw it differently than you saw it, then it's not a situation that the I.J. didn't know it. I understand the Court's question, Your Honor, but here when the I.J. became aware of these facts, the petitioner's application for cancellation of removal was not before the immigration judge. At the time of the hearing before the immigration judge, this petitioner did not have a qualifying family member. Therefore, any hardship issues to this petitioner were completely irrelevant at the time of the proceedings. The only person who had a case pending before the immigration judge was the petitioner's mother. She was the only one at that time who had a qualifying family member. This particular petitioner did not. These facts, therefore, did not become relevant whether to the immigration judge or to the Board of Immigration Appeals until the petitioner acquired a qualifying family member. And that qualifying family member was acquired when his son was born in the U.S. Once his son was born, then the factors pertaining to the petitioner for the first time under Section 240a)(b became relevant. Because prior to that, given the absence of a qualifying family member, these factors were completely irrelevant in the context of cancellation of removal. In addition to these factors, Your Honor, the Board of Immigration Appeals. Judge Fletcher, I have a question for you. In looking at the BIA's denial, it cites to two cases, the service side cases, which say that it's perfectly appropriate to deny the motion to reopen if there's no probability of success on the merits. Now, how do you deal with those cases? Your Honor, I can answer that in two ways. One, there is absolutely no way for this Court to determine whether or not there was a probability of success on the merits where the Board fails to develop a decision on the issue of whether or not that hardship would result in the required hardship to his U.S. citizen son. By virtue of an absence and a response to petitioner's argument, we really don't know whether or not the Board would have found that argument sufficient. And that is my entire point in this case, is that the Board failed to engage in any analysis whatsoever regarding this issue. And so, therefore, there's absolutely no way for us to know, given a possible Board decision and its reasoning, whether or not the Board would have found these factors here to amount to the type of factors that would likely change the outcome of the case. And so there is no basis here. There is one case, Your Honor, I would like to cite to, which I think is important, dealt with an old suspension of deportation case. But as the Court is aware, those cases are vital to cancellation of removal because they lay out the factors that we apply in these cases. And that decision is a matter of OJO. And there the Court found that the factors present there, similar to the ones here, did meet the former requirement of extreme hardship. Now, certainly this is the standard here is exception on extremely unusual hardship. But the issue is that if extreme hardship was found there with much weaker facts than those present here, the possibility does exist that with these factors presented adequately before an immigration judge, the Court would find that there was a sufficient basis to find the necessary hardship. Well, are you contending that the BIA should have granted your client's motion to reopen, or are you saying that the BIA should have ordered an evidentiary hearing? What are you saying here? I'm contending, Judge, that the Board should have granted the Petitioner's motion to reopen in order for the immigration judge to develop a record and determine whether or not Petitioner's now-qualifying family member would suffer the necessary hardship. Your Honor, I may be out of time, and I would certainly like to reserve the rest of my time for rebuttal. All right. No, you still have two and a half minutes, so or two minutes and 49 seconds, I guess. Judge, then briefly I'd like to address my due process argument. Well, if you use them, you won't have rebuttal then. I understand, Judge. Then I will address my due process claim and reserve my two minutes. Okay. Thank you, Your Honor. Thanks. May it please the Court. Arthur Rabin once again. In this case, the Board acted well within its discretion to deny the motion to reopen. The reason the Board denied the motion to reopen is because the motion was ultimately, as on page 261 of the record, it argued in the argument section, this motion to reopen, this is what Petitioner argued to the Board, this motion to reopen should be granted because the respondent is now eligible for cancellation removal given the birth of his United States citizen child, and the exceptional and extremely unusual hardship his son would suffer if the respondent is removed. That is exactly the claim that the Board looked at. Now, the Board did not go into a detailed analysis of each and every argument in this case that Petitioner presented, that is, whether or not he could get a job, how well he spoke Spanish and things like that because of his tender years when he first came to the United States. However, as far as addressing his claim, the Board did. And the Board found that it was insufficient. It was not enough to show a prima facie case for reopening. Kennedy. How do we know that the Board addressed the claim from looking at the decision? Because the motion to reopen was premised on the birth of a United States citizen's son to Petitioner, and the Board's decision specifically states that they looked at the birth of his son. The new evidence submitted by Petitioner indicates that a United States citizen's son is of tender years, now age three, and is apparently in good health. They looked at the birth of his son as being the cause of the hardship to, well, as to whether or not there would be hardship to the son if removed to Mexico. So is that partly your point, that the argument counsel is making now that, well, the Board doesn't seem to have considered, you know, this fact about the evidence about the father, right? I'm sorry, Your Honor. The Board didn't consider the evidence about the father. Right. Is it your position that that argument was never raised before the Board? No, it was, Your Honor. Well, it's not discussed in the Board's decision. No, they did not discuss that particular argument. So how do we know they considered it? Because they addressed the claim. They didn't address that claim about the father. Well, that was just an argument supporting the claim that his United States citizen's son would suffer hardship based on his removal. And the Board denied that claim. As to each and every argument underlying that claim, we would submit that the Board shouldn't have to address each and every argument, when ultimately they looked at the claim, at the proper claim. If they had looked at it, if they had decided that this was an asylum issue and, in fact, he raised a motion based on hardship, that would be a different story. But the Board did correctly address the proper claim. And ultimately, you know, as to the due process, he has to show prejudice. And we would submit that he cannot show prejudice because the relief that he's seeking is purely discretionary, and which he has no fundamental right to. No fundamental right to due process exists here because he has no liberty and interest in receiving that form of discretionary relief. So subject to the Court's questions. There don't appear to be further questions. Thank you. Your Honor, first, in response to counsel's argument that Petitioner's simple argument was that his son was now born and, therefore, he was now entitled to a remand to the immigration judge, that argument is not supported by Petitioner's motion to reopen before the Board. In fact, at page 263 and 264 of that same record, Petitioner asserts that there is no evidence that the near birth of a U.S. citizen child is insufficient to grant his motion to reopen. The entire motion to reopen is about the hardship that he would suffer and that such hardship should be considered to the extent that it would affect his United States citizen child. That was Petitioner's argument, and the Board failed to address that particular issue, Petitioner's only issue. Counsel further notes that the Board should not be required to address each and every other motion, but that was Petitioner's only argument. Petitioner's only argument was that the hardship to himself should be considered to the extent that it would affect his United States citizen child. And lastly, Your Honor, here we have not argued that Petitioner has a due process right to discretionary relief, simply that he has a due process right to a full and fair opportunity to present his case. Thank you, Your Honor. Thank you. This matter will now stand submitted. Thank you, counsel, for your argument. Monserrate Trinidad Macias v. Alberto Gonzalez. That matter has been submitted without oral argument. Case number 0470639 will be submitted at this time. The next matter on calendar, Pablo Dominguez-Salmaron, 0374746. That case has been remanded by order of the Court previously. Ready Link Healthcare v. David Justin Lynch, case number 0455890.
judges: B. Fletcher, Tashima, Callahan